UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTRAL IP ENTERPRISE LTD., <br><br> Plaintiff, <br><br> v. <br><br> CARE20 FERTILITY CALENDAR CYCLE TRACKER, <br><br> Defendant. | Case No. 23-cv-03835-EMC <br><br> **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** <br><br> Docket No. 22 |

Having reviewed Astral's motion for default judgment, the Court finds that supplemental briefing and/or evidence on the issues identified below would be helpful. Astral shall file a supplemental brief and/or evidence within one week of the date of this order.

1. Does Astral know what kind of entity Care20 is? If Care20 is a corporation or akin to a corporation, where was it incorporated or formed? Astral has indicated in its pleadings that Care20 has its principal place of business in Pakistan. *See* FAC ¶ 2.

2. Astral has claimed personal jurisdiction in part based on a provision in the DMCA. *See* 17 U.S.C. § 512(g)(3)(D) (addressing contents of a counter-notice to a takedown notice; counter-notice must include, *inter alia*, "[t]he subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person"). Is consent under this statute limited to a dispute with the service provider, or does it extend to a dispute with the person/entity claiming

infringement?  Is consent under this statute for a DMCA/Copyright Act claim only, or does it extend to non-DMCA/Copyright Act claims?

      3.      Can personal jurisdiction for the federal claims be based on Federal Rule of Civil Procedure 4(k)?  *See* Fed. R. Civ. P. 4(k) ("For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.").  If so, how?

      4.      To the extent Astral is claiming that Care20 targeted California (or the United States under Rule 4(k)), is the fact that Care20 made its application available on Google Play enough to show targeting?  What authorities are on point?  *See, e.g.*, *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1042 (9th Cir. 2022) (taking note that "[t]wo courts have determined that a defendant 'purposefully availed itself of the privilege of conducting business in the United States by distributing the Infringing [content] on platforms such as the Google Play store and Microsoft App store'").  *Compare Boschetto v. Hansing*, 539 F.3d 1011, 1018-19 (9th Cir. 2008) (taking note that plaintiff "does not allege that any of the Defendants are using eBay to conduct business generally[;]  [h]e does not allege that Defendants conduct regular sales in California (or anywhere else) via eBay").

      5.      It appears that Astral is claiming that it has works that are copyrighted under Canadian law but that are protected under United States law under the Berne Convention.  Is that correct?  *See Canadian Stds. Ass'n v. P.S. Knight Co.*, No. 1:20-cv-01160-LY, 2022 U.S. Dist. LEXIS 22970, at *7-8 (W.D. Tex. Feb. 9, 2022) ("For foreign works, copyright ownership is determined by the law of the country in which the work is created, and infringement is governed by the law where the infringement took place.  Proof of U.S. registration is not a prerequisite to suit if the work originated in a country that is a signatory to the Berne Convention.  A party relying on the registration exemption must sufficiently allege that the works are not United States works within the meaning of Section 101 of the Copyright Act."), *report and recommendation adopted by* 2022 U.S. Dist. LEXIS (W.D. Tex. Feb. 25, 2022); *cf. Des Auteurs v. Doe*, No. No. 1:20-cv-02183, 2020 U.S. Dist. LEXIS 146691, at *7-8 (N.D. Ill. Aug. 14, 2020 ("A U.S.

copyright registration is not necessary in this case because Plaintiffs assert copyrights in musical works protected under the laws of the French Republic. . . . Recently the Supreme Court clarified that, under Section 411(a) of the Copyright Act, a copyright registration is needed in order to file a complaint for copyright infringement, *but not when the plaintiff is asserting copyright in a foreign work*.") (emphasis in original).  If that is Astral's position, can Astral explain how and provide evidence that it has copyrighted works under Canadian law?

      6.    Can Astral provide bigger images of (a) its copyrighted works, (b) its trademark, and (c) the alleged infringing icon?  Is it correct that the trademark does not use any specific colors?

      7.    Paragraph 2 of Astral's Proposed Order states: "Defendant shall, within ten (10) business days after receipt of such notice, remove its infringing mobile applications from all online platforms [on] which Defendant's mobile applications may be available."  Is there evidence that Care20's mobile application is available on a platform other than Google Play?

      8.    Paragraph 3 of Astral's Proposed Order states: "Should Defendant's infringing mobile applications remain active on any online platform after ten (10) business days following Defendant's receipt of this Order, and upon Plaintiff's request, any other online platforms (collectively, the 'Third Party Providers'), shall, within ten (10) business days after receipt of such request by Plaintiff, remove Defendant's infringing mobile applications from the Third Party Provider's respective online platform."  Should this language be modified to be more consistent with Federal Rule of Civil Procedure 65?  *See* Fed. R. Civ. P. 65(d) (providing that an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

///
///
///
///
///

Astral shall immediately serve a copy of this order by email and at Care20's physical address in Pakistan, consistent with the Court's prior orders. Astral shall promptly file a declaration certifying service.

**IT IS SO ORDERED**.

Dated: January 23, 2024

_____
EDWARD M. CHEN
United States District Judge